20

# United States District Court
## FOR THE DISTRICT OF PUERTO RICO

### AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

I, Erika Williams, a Special Agent with the Drug Enforcement Administration (DEA), being duly sworn, depose and state as follows:

### INTRODUCTION

1. I am a Special Agent with the DEA. I have been employed as a Special Agent with DEA since September of 2015. Currently I am assigned to the DEA Caribbean Division, Enforcement Group 2- Heroin Initiative in Guaynabo, Puerto Rico, conducting investigations of large-scale drug trafficking organizations, violent gangs and federal narcotics violations, under Title 21, United States Code and financial investigations, under Title 31, United Stated Code and Title 18 United Sates Code.

2. As a Special Agent my job and responsibilities include conducting investigations of alleged manufacturing, distributing or possession of controlled substances, Title 21, <u>United States Code</u>, Section 841 (a)(1)); importation of controlled substances Title 21, <u>United States Code</u>, Section 952 (a)); smuggling of goods into the United States, Title 21, <u>United States Code</u>, Section 545; possession with the intent to distribute controlled substances while onboard a vessel subject to the jurisdiction of the United States Title 46, <u>United States Code</u>, Section 70501 et seq.; Structuring Money Laundering Title 31, <u>United States Code</u>, Section 5324; Bulk Cash Smuggling Title 31, <u>United Sates Code</u>, Section 5332; Basic Money Laundering Title 18, <u>United Sates Code</u>, Section 1956(a)(1) and other related offenses.

3. Because this Affidavit is submitted for a limited purpose, I have not included details of every aspect of this investigation. I am thoroughly familiar with the information contained in this Affidavit, either through personal investigation or through discussions with other law enforcement officers who have interviewed individuals or personally have obtained information, which they in turn have reported to me.

4. I am currently assigned as the case agent for the investigation described in this affidavit. As a result of my personal participation, I have become familiar with all aspects of this investigation concerning the following offenses: Conspiracy to Possess with Intent to Distribute a Controlled Substance On Board a Vessel Subject to the Jurisdiction of the United States in violation of Title 46, United States Code, Sections 70502(c)(1)(C), 70503(a)(1), and 70506(a) & (b) (hereinafter referred as TARGET OFFENSE).

## FACTS ESTABLISHINHG PROBABLE CAUSE

5. On February 14, 2019, while on routine patrol, a maritime patrol aircraft detected a Target of Interest (TOI) approximately eighty (80) nautical miles (NM) south of Guayama, Puerto Rico with possible contraband on deck. The maritime patrol aircraft departed the scene due to not having sufficient fuel to remain near the spotted TOI. The United States Coast Guard Cutter (US CGC) Joseph Napier deployed to the location and shortly thereafter, USCG-2318 departed from St. Thomas to reacquire the target. USCG-2318 reacquired the TOI approximately sixty-five (65) NM south-southeast of St. Croix, USVI and observed the TOI jettison their load of suspected narcotics, later counted as twelves (12) bales. The TOI was operating in a known drug trafficking area. The TOI named Jeis Juli I described as a 55-foot long, white hull vessel with a yellow sun canopy

and a red water line wooden fishing vessel, with one (1) outboard engines, nine (9) people onboard, and displaying no indication of nationality. The TOI master, Jesus SALVADOR Gonzalez, claimed Venezuelan Nationality for himself and the TOI. SALVADOR Gonzalez also advised that the TOI was taking on water in the engine room and requested removal of the TOI. USCG Napier boarding members then embarked the vessel and disembarked all nine (9) persons on board due to safety concerns.

6. The United States approached the Government of Venezuela to request a registry check and authorization to board and search the vessel. USCG NAPIER attempted to dewater the vessel, but was unsuccessful.

7. The nine (9) persons onboard the TOI were identified as [1] Jesus SALVADOR Gonzalez, [2] Carlos Jose Requena Lugo, [3] Eddy Del Jesus CARABALLO Brito, [4] Luis DEL VALLE Sanchez, [5] Eribel Merardo GIULARTE Careño, [6] Luis Alberto MARCANO Godoy, [7] Felipe Jose RODRIGUEZ Gutierrez, [8] Yoniel Enrique CAMPOS Fernandez, and [9] Jesus DEL VALLE GONZALEZ Rodriguez.

8. On February 22, 2019, at approximately 10:30 A.M., USCG NAPIER arrived at Sector San Juan (SSJ), San Juan, Puerto Rico. Drug Enforcement Administration (DEA) agents arrived at SSJ, where agents took custody of the 12 bales of suspected cocaine, two Garmin GPS device, two cellular devices, one satellite telephone, one hand held VHF radio and one ship VHF radio. The following individuals were on the TOI: [1] Jesus SALVADOR Gonzalez, [2] Carlos Jose Requena Lugo, [3] Eddy Del Jesus CARABALLO Brito, [4] Luis DEL VALLE Sanchez, [5] Eribel Merardo GIULARTE Careño, [6] Luis Alberto MARCANO Godoy, [7] Felipe Jose RODRIGUEZ Gutierrez, [8]

Yoniel Enrique CAMPOS Fernandez, and [9] Jesus DEL VALLE GONZALEZ Rodriguez. The nine individuals were transferred to the DEA Caribbean Division office for further processing. DEA agents conducted field tests of the seized packages, which resulted positive for the presence of cocaine.

9.  The twelve (12) bales, containing approximately twenty (25) bricks of cocaine each, were seized, with a total weight of approximately 393.7 kilograms of cocaine.

## CONCLUSION

Based upon my training, experience, and participation in this investigation, I submit that there is probable cause to believe that **[1] Jesus SALVADOR Gonzalez, [2] Carlos Jose Requena Lugo, [3] Eddy Del Jesus CARABALLO Brito, [4] Luis DEL VALLE Sanchez, [5] Eribel Merardo GIULARTE Careño, [6] Luis Alberto MARCANO Godoy, [7] Felipe Jose RODRIGUEZ Gutierrez, [8] Yoniel Enrique CAMPOS Fernandez, and [9] Jesus DEL VALLE GONZALEZ Rodriguez;** have committed the following violations of federal laws: Conspiracy to Possess with Intent to Distribute a Controlled Substance On Board a Vessel Subject to the Jurisdiction of the United States in violation of Title 46, United States Code, Sections 70502(c)(1)(C), 70503(a)(1), and 70506(a) & (b)

_____
Erika Williams
Special Agent
U.S. Drug Enforcement Administration

Sworn and subscribed to before me this 23 day of February 2019.

_____
Bruce J. McGiverin
UNITED STATES MAGISTRATE JUDGE
DISTRICT OF PUERTO RICO