# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,
Plaintiff,

v.

[2] CARLOS JOSE REQUENA-LUGO,
Defendant.

CRIMINAL NO. 19-150 (FAB)

RECEIVED AND FILED
APRIL 8, 2021 AT 9:45 A.M.

OFM

## PLEA AGREEMENT

TO THE HONORABLE COURT:

The United States of America, Defendant, Carlos Jose Requena-Lugo, and Defendant's counsel, Ernesto Hernandez-Milan, Esq., pursuant to Federal Rule of Criminal Procedure 11, state that they have reached a Plea Agreement, the terms and conditions of which are as follows:

### 1. Charges to which Defendant will Plead Guilty

Defendant agrees to plead guilty to Count One of the Indictment:

Count One: Charging the defendant with knowingly and intentionally combine, conspire, and agree with other persons to commit an offense against the United States, that is: a violation of Title 46, United States Code, Section 70503, namely, to possess with intent to distribute five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II, Controlled Substance, on board a vessel subject to the jurisdiction of the United States; that is, a vessel without nationality. All in violation of Title 46, United States Code, Sections 70502(c)(1)(A),

70503(a)(1), 70504(b)(1) and 70506(a) and (b).

## 2. Maximum Penalties

Count One: The maximum statutory penalty for the offense charged in Count One of the Indictment is a term of imprisonment of at least ten (10) years, but not more than life, and a term of supervised release of at least five (5) years. The Court may also impose a fine not to exceed the greater of that authorized in accordance with the provisions of Title 18, United States Code, or $10,000,000.00.

## 3. Sentencing Guidelines Applicability

Defendant understands that the sentence will be imposed by the Court in accordance with 18 U.S.C. § § 3551-86, and the United States Sentencing Guidelines (hereinafter "Guidelines"), which are advisory pursuant to the United States Supreme Court decision in *United States v. Booker*, 543 U.S. 220 (2005). Further, Defendant acknowledges that parole has been abolished, and that the imposition of Defendant's sentence may not be suspended.

## 4. Special Monetary Assessment

Defendant agrees to pay a special monetary assessment ("SMA") of one hundred dollars ($100.00) per count of conviction. The SMA will be deposited in the Crime Victim Fund, pursuant to 18 U.S.C. § 3013 (a)(2)(A).

## 5. Fines and Restitution

The Court may, pursuant to Section 5E1.2 of the Guidelines order Defendant to pay a fine. The Court may also impose restitution. Defendant agrees to execute and make available, prior to sentencing, a standardized financial statement (OBD

Form 500). The United States will advocate on behalf of any identified victim, and comply with its obligations under the Mandatory Victim Restitution Act of 1996.

### 6. Sentence to be Determined by the Court

Defendant understands that the sentence to be imposed will be determined solely by the United States District Judge. The United States cannot make and has not made any promise or representation as to what sentence Defendant will receive. Any discussions that the parties might have had about possible sentences are not binding in any way on the Court, and do not constitute representations about what the parties will seek, or what the actual sentence will be.

### 7. Recommended Sentencing Guidelines Calculations

After due consideration of the relevant factors enumerated in 18 U.S.C. § 3553(a), the United States and Defendant submit that the advisory Guidelines calculations listed below apply to Defendant. However, Defendant acknowledges that the Court is not required to accept those recommended Guidelines calculations.

LEFT BLANK INTENTIONALLY

## UNITED STATES SENTENCING GUIDELINES CALCULATION TABLE
### COUNT ONE
### 46 U.S.C. §70503(a)(1)

| Base Offense Level [§§2D1.1(a)(5) & 2D1.1(c)(3)] | Parties stipulate that defendant is responsible for possession with intent to distribute at least 50 kilograms but less than 150 kilograms of cocaine | 34 |
|---|---|---|
| Adjustment [§ 3E1.1(a)&(b)] | Defendant timely accepted responsibility and offense level is 16 or more | -3 |
| TOTAL ADJUSTED OFFENSE LEVEL | | 31* |

| Sentencing Ranges | TOL | CHC I | CHC II | CHC III | CHC IV | CHC V | CHC VI |
|---|---|---|---|---|---|---|---|
| | 31 | 108-135 | 121-151 | 135-168 | 153-188 | 168-210 | 188-235 |

\* NOTE: There is a 10 yr. mandatory statutory minimum pursuant to 46 U.S.C. § 70506 because the defendant possessed with intent to distribute more than five (5) kilograms of cocaine.

### 8. Sentence Recommendation

As to Count One, and after due consideration of the relevant factors enumerated in 18 U.S.C. § 3553(a), the parties agree that the parties will request a sentence of imprisonment of one hundred and twenty (120) months of incarceration, irrespective of the defendant's criminal history.

The parties agree that any recommendation by either party for a term of imprisonment below or above the stipulated sentence recommendation will constitute a material breach of the Plea Agreement.

### 9. No Stipulation as to Criminal History Category

The parties do not stipulate as to any Criminal History Category for Defendant.

### 10. Waiver of Appeal

Defendant knowingly and voluntarily agrees that, if the sentence imposed by the Court is one hundred and twenty (120) months or less, Defendant waives the right to appeal any aspect of this case's judgment and sentence, including, but not limited to the term of imprisonment or probation, restitution, fines, forfeiture, and the term and conditions of supervised release.

### 11. No Further Adjustments or Departures

The United States and Defendant agree that no further adjustments or departures to Defendant's total adjusted base offense level and no variant sentence under 18 U.S.C. § 3553—other than any explicitly provided for in this Plea Agreement—shall be sought by Defendant. The parties agree that any request by Defendant for an adjustment or departure that is not explicitly provided for in this Plea Agreement will be considered a material breach of this Plea Agreement, and the United States will be free to ask for any sentence, either guideline or statutory.

### 12. Satisfaction with Counsel

Defendant is satisfied with counsel, Ernesto Hernandez-Milan, Esq., and asserts that counsel has rendered effective legal assistance.

### 13. Rights Surrendered by Defendant Through Guilty Plea

Defendant understands that by entering into this Plea Agreement, Defendant surrenders and waives certain rights as detailed in this agreement. Defendant understands that the rights of criminal defendants include the following:

a. If Defendant had persisted in a plea of not guilty to the charges, Defendant would have had the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if Defendant, the United States and the judge agree.

b. If a jury trial is conducted, the jury would be composed of twelve lay persons selected at random. Defendant and Defendant's attorney would assist in selecting the jurors by removing prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges. The jury would have to agree, unanimously, before it could return a verdict of either guilty or not guilty. The jury would be instructed that Defendant is presumed innocent, that it could not convict Defendant unless, after hearing all the evidence, it was persuaded of Defendant's guilt beyond a reasonable doubt, and that it was to consider each charge separately.

c. If a trial is held by the judge without a jury, the judge would find the facts and, after hearing all the evidence and considering each count separately, determine whether or not the evidence established Defendant's guilt beyond a reasonable doubt.

d. At a trial, the United States would be required to present its witnesses and other evidence against Defendant. Defendant would be able to confront those witnesses and Defendant's attorney would be able to cross-examine them. In turn, Defendant could present witnesses and other evidence on Defendant's own behalf. If the witnesses for Defendant would not appear voluntarily, Defendant could require their attendance through the subpoena power of the Court.

e. At a trial, Defendant could rely on the privilege against self-incrimination to decline to testify, and no inference of guilt could be drawn from Defendant's refusal to testify. If Defendant desired to do so, Defendant could testify on Defendant's own behalf.

## 14. Stipulation of Facts

The accompanying Stipulation of Facts signed by Defendant is hereby incorporated into this Plea Agreement. Defendant adopts the Stipulation of Facts and agrees that the facts therein are accurate in every respect. Defendant agrees and accepts

that had the matter proceeded to trial, the United States would have proven those facts beyond a reasonable doubt.

### 15. Limitations of Plea Agreement

This Plea Agreement binds only the United States Attorney's Office for the District of Puerto Rico and Defendant. It does not bind any other federal district, state, or local authorities.

### 16. Entirety of Plea Agreement

This written agreement constitutes the complete Plea Agreement between the United States, Defendant, and Defendant's counsel. The United States has made no promises or representations except as set forth in writing in this Plea Agreement and denies the existence of any other terms and conditions not stated herein.

### 17. Amendments to Plea Agreement

No other promises, terms or conditions will be entered into between the parties unless they are in writing and signed by all parties.

### 18. Dismissal of Remaining Counts

At sentencing should there be any pending counts and should the Defendant comply with the terms of this Plea Agreement, the United States will move to dismiss the remaining counts of the Indictment pending against Defendant in this case.

### 19. Voluntariness of Plea Agreement

Defendant acknowledges that no threats have been made against Defendant and that Defendant is pleading guilty freely and voluntarily because Defendant is guilty.

## 20. Breach and Waiver

Defendant agrees that defendant will have breached this Plea Agreement if, after entering into this Plea Agreement, Defendant: (a) fails to perform or to fulfill completely each and every one of Defendant's obligations under this Plea Agreement; (b) engages in any criminal activity prior to sentencing; or (c) attempts to withdraw Defendant's guilty plea. In the event of such a breach, the United States will be free from its obligation under this Plea Agreement and Defendant will not have the right to withdraw the guilty plea. Moreover, Defendant agrees that if Defendant is in breach of the Plea Agreement, Defendant is deemed to have waived any objection to the reinstatement of any charges under the Indictment, Information, or complaint which may have previously been dismissed or which may have not been previously prosecuted.

## 21. Potential Impact on Immigration Status

Pursuant to Federal Rule of Criminal Procedure 11(b)(1)(O), Defendant hereby agrees and recognizes that if convicted, a Defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

## 22. Felony Conviction

Defendant hereby agrees and recognizes that the plea of guilty in this case will be recognized as a felony conviction, which will result in the loss of certain rights, including but not limited to the right to vote in a federal election, to serve as a juror,

to hold public office, and to lawfully possess a firearm.

W. STEPHEN MULDROW
United States Attorney

Max Peréz-Bouret
Assistant U.S. Attorney
Chief, Transnational Crime Unit
Dated: _____3 · 1 · 21_____

*pr* Vanessa E. Bonhomme
Assistant U.S. Attorney
Deputy Chief, Transnational Crime Unit
Dated: _____3 · 1 · 21_____

John P. Hutchins III
Assistant U.S. Attorney
Transnational Crime Unit
Dated: _____2 / 25 / 2021_____

Ernesto Hernandez-Milan
Counsel for Defendant
Dated: _____4 / 5 / 21_____

Carlos Jose Requena-Lugo
Defendant
Dated: _____4 / 5 / 2 1_____

## UNDERSTANDING OF RIGHTS

I have consulted with counsel and fully understand all of my rights as to the charges pending against me. Further, I have consulted with my attorney and fully understand my rights as to the provisions of the Guidelines that may apply in my case. I have read this Plea Agreement and carefully reviewed every part of it with my attorney. My counsel has translated the Plea Agreement to me in the Spanish language and I have no doubts as to the contents of the agreement. I fully understand this agreement and voluntarily agree to it.

Date: 4 / 5 / 21

_____
Carlos Jose Requena-Lugo
Defendant

I am the attorney for Defendant. I have fully explained Defendant's rights to Defendant with respect to the pending charges. Further, I have reviewed the applicable provisions of the Guidelines and I have fully explained to Defendant the provisions of those Guidelines that may apply in this case. I have carefully reviewed every part of this Plea Agreement with Defendant. I have translated the Plea Agreement and explained it in the Spanish language to the Defendant who has expressed having no doubts as to the contents of the agreement. To my knowledge, Defendant is entering into this Plea Agreement voluntarily, intelligently, and with full knowledge of all consequences of Defendant's plea of guilty.

Date: 4 / 5 / 21

_____
Ernesto Hernandez-Milan
Counsel for Defendant

## STIPULATION OF FACTS

In conjunction with the submission of the accompanying Plea Agreement in this case, the Defendant [2] Carlos Jose Requena-Lugo admits that Defendant is guilty as charged in the Indictment and admits the following:

On February 14, 2019, while on routine patrol, a maritime patrol aircraft detected a Target of Interest (TOI) approximately eighty (80) nautical miles (NM) south of Guayama, Puerto Rico with possible contraband on deck. The maritime patrol aircraft departed the scene due to not having sufficient fuel to remain near the spotted TOI. The United States Coast Guard Cutter (USCGC) Joseph Napier deployed to the location and shortly thereafter, USCG-2318 departed from St. Thomas to reacquire the target. USCG-2318 reacquired the TOI approximately sixty-five (65) NM south-southeast of St. Croix, USVI. USCG personnel observed people on board the TOI jettison their load of suspected narcotics. Crew members counted as twelve (12) bales of suspected cocaine was dumped overboard. The TOI was operating in a known drug trafficking area. The TOI named Jeis Juli I, is described as a 55-foot long, white hull vessel with a yellow sun canopy and a red water line wooden fishing vessel, with one (1) outboard engine, nine (9) people onboard, and displaying no indication of nationality. The TOI was taking on water in the engine room. USCG Napier boarding members then embarked the vessel and disembarked all nine (9) persons on board due to safety concerns.

The United States approached the Government of Venezuela and received authorization to board and search the vessel. USCG NAPIER attempted to dewater

the vessel, but was unsuccessful. [2] Carlos Jose Requena-Lugo was one of the nine crew members on board the target vessel.

On February 22, 2019, at approximately 10:30 A.M., USCG NAPIER arrived at Sector San Juan (SSJ), San Juan, Puerto Rico. Drug Enforcement Administration (DEA) agents arrived at SSJ, where agents took custody of the 12 bales of suspected cocaine, two Garmin GPS device, two cellular devices, one satellite telephone, one hand held VHF radio and one ship VHF radio. The nine defendants were transferred to the DEA Caribbean Division office for further processing. DEA agents conducted field tests of the seized packages, which resulted positive for the presence of cocaine. Twelve (12) bales, containing approximately twenty (25) bricks of cocaine each, were seized, with a total weight of approximately 393.7 kilograms of cocaine. The drugs were sent to a laboratory and tested positive for cocaine.

The defendant by entering this plea acknowledges he did conspire to possess between fifty (50) and one hundred and fifty (150) kilograms of cocaine on board a vessel subject to the jurisdiction of the United States.

Had this matter proceeded to trial, the United States would have presented evidence through the testimony of witnesses as well as physical evidence and documentary evidence, which would have proven beyond a reasonable doubt Defendant's guilt.

LEFT BLANK INTENTIONALLY

At trial, the United States would have proven beyond a reasonable doubt that defendant Carlos Jose Requena-Lugo is guilty as charged in Count One of the Indictment. Discovery was timely made available to Defendant for review.

John P. Hutchins III
Assistant U.S. Attorney
Dated: 2/25/2021

Ernesto Hernandez-Milan
Counsel for Defendant
Dated: 4/5/21

Carlos Jose Requena-Lugo
Defendant
Dated: 4/5/21